# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

PHILLIP EARL YOUNG                                                              PETITIONER

V.                                                                  NO. 4:15-CV-00078-DMB-SAA

ROBERT KIRKLIN, et al.                                                          RESPONDENTS

## ORDER OF TRANSFER

Phillip Earl Young has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Young challenges his sentences for convictions of felony evasion and automobile burglary.[1] Doc. #1 ("Attach Sheet" at 2–4). Specifically, Young argues, among other things, that the evidence did not support his conviction for evasion, that the charge of burglary was insufficiently charged in the indictment, and that he was improperly adjudicated to be a habitual offender. *Id*. at 3–4.

The petitioner, in the Southern District of Mississippi, has filed at least one other § 2254 motion concerning the same convictions which he now seeks to challenge. *See Young v. Byrd*, 3:13-CV-500-TSL-JCG (S.D. Miss. Aug. 20, 2013) (Doc. #1 at 1). The Southern District of Mississippi action was dismissed with prejudice on December 1, 2015. *Id*. at Doc. #16.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a prisoner has not obtained the necessary order of authorization, the

---

[1] The petition references an earlier state court conviction for carjacking. Doc. #1 at ¶ 3. However, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), Rules Governing Section 2254 and 2255 Cases. The bulk of the allegations and documents in the instant petition relate to the convictions of felony evasion and automobile burglary. Accordingly, the Court interprets this petition as challenging these judgments.

district court may transfer the petition to the Fifth Circuit "for a determination [as to] whether the successive petition should be allowed." *See In re Epps*, 127 F.3d 364, 364–65 (5th Cir. 1997).

The record is clear that Young has not obtained an order of authorization to pursue this successive petition. Therefore, in the interest of justice and judicial economy, it is **ORDERED** that the Clerk of Court transfer this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. § 1631. Accordingly, this case is **CLOSED**.

**SO ORDERED**, this 6th day of May, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**