# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PHILLIP EARL YOUNG**                                                  **PETITIONER**

**V.**                                                  **NO. 4:15-CV-78-DMB-RP**

**ROBERT KIRKLIN; et al.**                                            **RESPONDENTS**

## ORDER OF DISMISSAL

This habeas petition is before the Court for consideration of the motion to dismiss filed by the respondents. Doc. #11.

## I
## Procedural History

### A. Underlying State Proceedings

Sometime in 2002, Phillip Young, following a jury trial, was convicted in the Circuit Court of Sunflower County, Mississippi, on one count of carjacking. Doc. #11-1. On November 15, 2002, the presiding circuit court judge sentenced Young "to a term of fifteen (15) years in the custody of the Mississippi Department of Corrections, five (5) years suspended, with (5) years Post Release Supervision." *Id*.

On July 31, 2007, following an appeal, the Mississippi Court of Appeals affirmed Young's conviction. *See Young v. State*, 962 So.2d 110, 112 (Miss. Ct. App. 2007). Young did not seek a rehearing and, accordingly, the Mississippi Court of Appeals issued a mandate on its decision on August 21, 2007. Doc. #11-3.

On or about March 24, 2014, Young filed a petition for post-conviction relief in the Mississippi Supreme Court. Doc. #11-4. On May 14, 2014, the Mississippi Supreme Court dismissed Young's petition. Doc. #11-5. Over the next two years, Young filed in the

Mississippi Supreme Court numerous petitions challenging his conviction. *See* Doc. #11-6; Doc. #11-8; Doc. #11-10; Doc. #11-12; Doc. #11-14. All such petitions were denied. *See* Doc. #11-7; Doc. #11-9; Doc. #11-11; Doc. #11-13; Doc. #11-15.

### B. This Action

On or about April 30, 2015, Young filed the instant habeas petition. Doc. #1. Because Young's petition referenced a different conviction which had been the subject of a previous habeas petition, this Court initially transferred the action to the Fifth Circuit for authorization for a successive petition. Doc. #4. However, on July 21, 2016, the Fifth Circuit issued an order finding authorization unnecessary because the instant petition only challenged Young's 2002 conviction. Doc. #5.

Following the Fifth Circuit's order, Young, on September 12, 2016, filed a motion for "Leave to File a Federal Collater [sic] Challenge," which was in substance a motion to amend his habeas petition. Doc. #6. Approximately two months later, on November 28, 2016, United States Magistrate Judge Roy Percy granted Young's motion to amend, Doc. #8, and directed the respondents to respond to the petition, Doc. #7.

On February 9, 2017, the respondents filed a motion to dismiss Young's petition as time barred. Doc. #11. Young has not responded to the motion.

## II
## Analysis

This case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Where a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F.Supp.2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

Where, as here, a petitioner has failed to exhaust the available appeal process, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Following affirmance of a conviction by the Mississippi Court of Appeals, a defendant has fourteen days to seek rehearing. Miss. R. App. P. 40(a). A defendant may not seek a writ of certiorari without seeking rehearing first. Miss. R. App. P. 17(b). Thus, when a defendant fails to seek rehearing, his conviction is deemed final fourteen days after the Mississippi Court of Appeals' affirmance of the conviction. *See, e.g., Tanner v. King*, No. 1:13-cv-232, 2014 WL 1094872, at *3 n.3 (S.D. Miss. Mar. 19, 2014) ("Tanner never filed a motion for rehearing, and therefore could not have sought a writ of certiorari. His conviction became final, therefore, at the conclusion of the fourteen-day period for

seeking rehearing in the Mississippi Court of Appeals.").

Here, Young did not seek rehearing following the affirmance of his conviction. His conviction, therefore, became final on August 14, 2007 – fourteen days after the Mississippi Court of Appeals' decision. Accordingly, Young was required to file his habeas petition on or before August 14, 2008. He did not file his petition until April of 2015, nearly seven years later. Young has not advanced grounds for statutory or equitable tolling and this Court has found none in the record.[1] Accordingly, this habeas petition is time barred and the respondents' motion to dismiss must be granted.

### III
### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a

---

[1] While Young filed a petition for post-conviction for relief, he did so well after the statute of limitations for this action passed. "A motion for post-conviction relief does not toll the one-year limitations period applicable to filing for habeas relief if the petition is filed after the limitations period has expired." *Brooks v. Winchester*, No. 5:13-cv-190, 2014 WL 3548846, at *2 (S.D. Miss. July 17, 2014) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)); *Bruce v. Hall*, No. 2:11-cv-100, 2012 WL 243680, at *3 (S.D. Miss. Jan. 5, 2012) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

COA should not issue in this case.

## IV
## Conclusion

For the reasons above, the respondents' motion to dismiss [11] is **GRANTED** and this petition is **DISMISSED**.  A certificate of appealability is **DENIED**.  A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 25th day of September, 2017.

                                        **/s/Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**